FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 17, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICOLE N.,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:25-CV-00377-ACE<br><br>ORDER GRANTING DEFENDANT'S MOTION<br><br><br>**ECF Nos. 10, 15** |

**BEFORE THE COURT** is Plaintiff's Opening Brief and Defendant's Brief in response. ECF No. 10, 15. Attorney Chad Hatfield represents Plaintiff; Special Assistant United States Attorney David J. Burdett represents Defendant. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion and **DENIES** Plaintiff's Motion.

**JURISDICTION**

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income in October 2022, alleging a disability onset date of February 15, 2021. Tr. 222, 229. The applications were denied initially and upon reconsideration. Administrative Law Judge (ALJ) Malcolm Ross held a hearing on

ORDER GRANTING DEFENDANT'S MOTION - 1

September 26, 2024, Tr. 40-69, and issued an unfavorable decision on November 25, 2024, Tr. 17-34. The Appeals Council denied Plaintiff's request for review on July 22, 2025, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on September 22, 2025. ECF No. 1.

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

ORDER GRANTING DEFENDANT'S MOTION - 2

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) that Plaintiff can perform other substantial gainful activity; and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On November 25, 2024, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 17-34.

At step one, the ALJ found Plaintiff, who met the insured status requirements of the Social Security Act through June 30, 2026, had not engaged in substantial gainful activity since the alleged onset date, February 15, 2021. Tr. 19.

At step two, the ALJ determined Plaintiff had the following severe impairments: left knee abnormality, anxiety disorder, obesity, depressive disorder, trauma disorder, and attention deficit/hyperactivity disorder. *Id*.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 20.

///

ORDER GRANTING DEFENDANT'S MOTION - 3

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform light work, with the following additional limitations:

> occasionally climb ramps and stairs; never climb ladders, ropes or scaffolds; frequently balance and stoop; occasionally crouch, kneel, and crawl; occasional exposure to extreme cold and hazards such as unprotected heights and dangerous machinery; able to understand, remember and carry out simple, repetitive work; working in approximately two-hour intervals with standard work breaks provided; occasional, superficial contact with the public, co-workers and supervisors; normal, routine workplace changes; and with work goals set by others.

Tr. 21-22.

At step four, the ALJ found Plaintiff was unable to perform any past relevant work.  Tr. 32.

At step five, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy, including the jobs of housekeeping, cleaner; mailroom clerk; semi-automatic sewing machine operator; and collator-operator.  Tr. 32-33.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date, February 15, 2021, through the date of the decision, November 25, 2024.  Tr. 33-34.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff argues the ALJ erred by:  (1) rejecting the disabling opinions of Dr. Genthe without adequately considering their consistency or supportability; (2) failing to conduct an adequate step three evaluation and notably failing to even

ORDER GRANTING DEFENDANT'S MOTION - 4

consider Listing 12.06 for anxiety; (3) failing to provide clear and convincing reasons for rejecting Plaintiff's disabling testimony; and (4) failing to meet his burden at step five. ECF No. 10 at 3.

**DISCUSSION**

**A.    Medical Opinion Evidence**

Plaintiff first asserts the ALJ erred by improperly evaluating the medical opinion evidence. ECF No. 12 at 6-17. Plaintiff specifically contends the ALJ erred by rejecting the medical opinions of examining psychologist Thomas Genthe, Ph.D. ECF No. 10 at 7-12.

For claims filed on or after March 27, 2017, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b). The factors for evaluating the persuasiveness of medical opinions and prior administrative findings include supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and the ALJ must explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ may explain how he considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.* Supportability and consistency are explained in the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

ORDER GRANTING DEFENDANT'S MOTION - 5

(2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).

The Ninth Circuit addressed the issue of whether the 2017 regulatory framework displaced the longstanding case law requiring an ALJ to provide specific and legitimate reasons to reject an examining provider's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). The Court held that the new regulations eliminate any hierarchy of medical opinions and the specific and legitimate standard no longer applies. *Id.* at 788-789, 792. The Court reasoned the "relationship factors" remain relevant under the new regulations, and thus the ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records. *Id.* at 790, 792. An ALJ must provide an explanation, supported by substantial evidence, when rejecting a medical provider's opinion as unsupported or inconsistent. *Id*. at 792.

On August 1, 2022, Dr. Genthe completed a Psychological/Psychiatric Evaluation form and assessed marked limitations in the following basic work activities: (1) understand, remember, and persist in tasks by following detailed instructions; (2) adapt to changes in a routine work setting; (3) maintain appropriate behavior in a work setting; and (4) complete a normal work day and work week without interruptions from psychologically based symptoms. Tr. 415-421. Plaintiff reported she had taken methamphetamine off and on since age 25, last used methamphetamine less than a year prior to the examination, and denied a history of significant legal problems. Tr. 415-416.

ORDER GRANTING DEFENDANT'S MOTION - 6

The ALJ found Dr. Genthe's August 2022 opinion "partly persuasive," as it was somewhat consistent with the record (i.e. sometimes anxious or depressed presentation), but the portion of the opinion indicating marked limitations was out of proportion to and not corroborated by the weight of the evidence. Tr. 29. The ALJ's determination in this regard is supported by Plaintiff's noted ability to interact appropriately with providers (who described her as cooperative with normal behavior), her reporting that she was able to complete activities of daily living with intact hygiene and grooming during routine appointments, her frequently normal mood and affect, Plaintiff's inconsistent statements (which detract from the reliability of her self-report), and her intact cognition with intact memory and concentration during routine appointments. Tr. 29. The ALJ's decision cited several care provider appointments at which Plaintiff was typically alert, in no distress, exhibited normal mood and affect, normal thought processes, and appropriate behavior, hygiene and grooming. Tr. 25-26 citing Tr. 346, 350, 335, 358, 361, 363, 368, 445, 453, 455, 462, 464, 470, 472, 476, 478, 525, 543, 592, 595, 599, 601, 605, 609, 635, 662, 664, 666, 671, 674, 676, 678, 681, 685, 689, 695, 697, 699. The ALJ thus found the record did not substantiate the severity or frequency of Plaintiff's alleged symptoms and limitations and suggested she retained greater functional capacity than indicated by Dr. Genthe's August 2022 opinion. Tr. 29.

On May 11, 2023, Dr. Genthe completed a subsequent psychological evaluation report and concluded Plaintiff's "ability to interact appropriately with the public was assessed as poor. Her ability to ask questions and accept instructions was assessed as poor. Her ability to get along with coworkers and/or peers was assessed as poor. Her ability to respond appropriately to criticism from supervisors was assessed as poor." Tr. 487-492. Dr. Genthe opined Plaintiff was likely to function best in settings that would not require her to deal with a large number of coworkers and/or consumers on an ongoing basis. Tr. 492. On this

ORDER GRANTING DEFENDANT'S MOTION - 7

occasion, Plaintiff again denied a history of significant legal problems but reported to Dr. Genthe that she last used methamphetamines "a long time ago." Tr. 488. Regarding her history of trauma, Plaintiff reported to Dr. Genthe that she had been hit by exes and her mother was beaten by her partners. Tr. 489.

The ALJ found Dr. Genthe's May 2023 opinion not persuasive. Tr. 28-29. The ALJ again indicated Dr. Genthe's opinion was out of proportion to and not corroborated by the record including Plaintiff's ability to interact appropriately with providers, who described her as cooperative with normal behavior, her reporting that she was able to complete activities of daily living with intact hygiene and grooming during routine appointments, her frequently normal mood and affect, her inconsistent statements, which detracted from the reliability of her self reports, and her intact cognition with intact memory and concentration during routine appointments. Tr. 29. The ALJ noted the record showed greater functioning than indicated by Dr. Genthe. *See* Tr. 25-26 citing Tr. 346, 350, 335, 358, 361, 363, 368, 445, 453, 455, 462, 464, 470, 472, 476, 478, 525, 543, 592, 595, 599, 601, 605, 609, 635, 662, 664, 666, 671, 674, 676, 678, 681, 685, 689, 695, 697, 699. Moreover, the ALJ noted Plaintiff made inconsistent statements to Dr. Genthe regarding her substance use,[1] legal history,[2] and past trauma.[3]

---

[1] Plaintiff's report of last use of methamphetamines "a long time ago" conflicts with the prior report to Dr. Genthe of last use less than a year ago, Tr. 416, and an October 25, 2022 report of no illegal substance use history, Tr. 443.

[2] The denial of significant legal issues to Dr. Genthe is inconsistent with an October 25, 2022 report that she had a felony, Tr. 442, 60-61.

[3] Plaintiff's report to Dr. Genthe that "my exes have hit me before, my mom was beat by her partners," Tr. 489, was not consistent with the October 25, 2022 report that "nothing sticks out in my mind" regarding history of abuse/trauma, Tr. 443.

ORDER GRANTING DEFENDANT'S MOTION - 8

No other medical professional of record has found Plaintiff as limited as assessed by Dr. Genthe.  The Court finds Dr. Genthe's findings of "marked" limitations and "poor" abilities were derived from inconsistent statements and are not supported by the weight of the record evidence.  The ALJ's RFC restrictions noting Plaintiff was able to understand, remember and carry out only simple, repetitive work; work in two-hour intervals with standard work breaks; have only occasional, superficial contact with the public, co-workers and supervisors; and work with goals set by others, Tr. 21-22, are supported by substantial evidence.[4]  The Court finds the ALJ correctly determined that Dr. Genthe's opinion suggesting greater limitations lacked persuasive value.

**B.      Plaintiff's Symptom Claims**

Plaintiff contends the ALJ also erred by improperly rejecting Plaintiff's subjective complaints.  ECF No. 10 at 13-18.

It is the province of the ALJ to make determinations regarding a claimant's subjective statements.  *Andrews,* 53 F.3d at 1039.  However, the ALJ's findings must be supported by specific, cogent reasons.  *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence.  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing."  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.

_____

[4]While Plaintiff requests a different interpretation, ECF No. 10 at 10-12, it is not the role of this Court to second-guess the Commissioner.  *See Lewis v. Astrue,* 498 F.3d 909, 911 (9th Cir. 2007) ("[I]f evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld."); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

ORDER GRANTING DEFENDANT'S MOTION - 9

1995).  "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993); *see also Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) ("Ultimately, the 'clear and convincing' standard requires an ALJ to show [their] work[.]").  Therefore, to satisfy the substantial evidence standard, the ALJ must provide specific, clear, and convincing reasons which explain why the medical evidence is *inconsistent* with the claimant's subjective symptom testimony.  *Ferguson v. O'Malley*, 95 F.4th 1194, 1200 (9th Cir. 2024) (emphasis in original).

Here, the ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record.  Tr. 22.

### 1.  Objective Medical Evidence

The ALJ first found that the objective medical evidence of record did not support the degree of limitation alleged by Plaintiff.  Tr. 23-32.

An ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence.  *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-347 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989); *Burch,* 400 F.3d at 680.  However, the objective medical evidence is a relevant factor, along with the medical source's information about the claimant's pain or other symptoms, in determining the severity of a claimant's symptoms and their disabling effects.  *Rollins*, 261 F.3d at 857; 20 C.F.R. § 416.929(c)(2).

Here, the ALJ noted physical examinations showed Plaintiff in no acute distress and with normal heart and lung findings, and normal motor ability,

ORDER GRANTING DEFENDANT'S MOTION - 10

suggesting that Plaintiff was not as physically impaired as she claimed.  Tr. 23-24, 346, 350, 353, 355, 358, 361, 363, 368, 370, 525, 535, 543, 635, 645, 655.  The ALJ also determined Plaintiff's mental status examinations indicated no more than moderate deficits.  Tr. 24-27.  The ALJ noted that while the record reflects some observations of an anxious or depressed mood and tearful presentation which caused a degree of social and cognitive limitation, the severity and frequency of her alleged symptoms and limitations were not corroborated by the largely normal observations and findings during routine appointments.  Tr. 24.  In support of this determination, the ALJ cited several records demonstrating Plaintiff was typically alert, in no distress, exhibited normal mood and affect, normal thought processes and appropriate behavior, hygiene and grooming.  Tr. 25-26, 346, 350, 335, 358, 361, 363, 368, 445, 453, 455, 462, 464, 470, 472, 476, 478, 525, 543, 592, 595, 599, 601, 605, 609, 635, 662, 664, 666, 671, 674, 676, 678, 681, 685, 689, 695, 697, 699.

Based on the foregoing, the Court finds the objective medical evidence of record does not support the degree of limitation alleged by Plaintiff in this case, and, consequently, this was a valid, clear and convincing reason to discount Plaintiff's subjective complaints.

*2. Inconsistencies*

The ALJ also discounted Plaintiff's symptom claims based on inconsistent statements.  Tr. 27.

An ALJ may consider inconsistencies in a claimant's testimony or inconsistencies between a claimant's testimony and conduct when assessing subjective complaints.  *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007); *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002) (inconsistencies in a claimant's testimony may be used to discredit subjective complaints); *Fair*, 885 F.2d at 604 n.5 (an ALJ can reject pain testimony based on contradictions in a plaintiff's testimony).

ORDER GRANTING DEFENDANT'S MOTION - 11

As indicated in footnotes 1-3, above, the ALJ noted Plaintiff's report to Dr. Genthe in May 2023 that "my exes have hit me before, my mom was beat by her partners," Tr. 489, was not consistent with the October 25, 2022, report that "nothing sticks out in my mind" regarding history of abuse/trauma, Tr. 443; Plaintiff's May 2023 report to Dr. Genthe of last use of methamphetamines "a long time ago" conflicted with the prior report to Dr. Genthe of last use less than a year ago, Tr. 416, and the October 25, 2022 report of no illegal substance use history, Tr. 443; and the denial of significant legal issues to Dr. Genthe, Tr. 415, 488, was inconsistent with the October 25, 2022 report that she had a felony, Tr. 442, 61. The ALJ further indicated that while Plaintiff testified she needs to elevate her feet several times each day due to swelling in her lower extremities, Tr. 55, the record noted only brief periods of mild swelling in 2021 with no mention of or findings indicating swelling or a need to elevate her legs in more recent records. Tr. 355, 358, 363 494-500, 635, 645, 655, 662. Although Plaintiff argues that the ALJ overlooked the fact that Plaintiff had been advised to ice and elevate for pain and swelling, ECF No. 10 at 17-18, the 2021 record cited by Plaintiff, Tr. 359, reflects Plaintiff was not able to make it to her appointment at that time and was thus not observed or examined but merely advised over the phone to ice and elevate for the reported swelling.

The ALJ's reference to inconsistencies is supported by substantial evidence, and the Court finds this was an additional clear and convincing reason to discount Plaintiff's symptom claims.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The Court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and ///

ORDER GRANTING DEFENDANT'S MOTION - 12

may not substitute its own judgment for that of the ALJ even if it might justifiably have reached a different result upon *de novo* review.  42 U.S.C. § 405(g).

After reviewing the record, and based on the foregoing, the Court finds that the ALJ provided clear and convincing reasons, which are fully supported by the record, for finding Plaintiff's symptom allegations were not entirely credible in this case.  Plaintiff is not entitled to remand on this issue.

**C.    Step Three**

Plaintiff asserts the ALJ also erred at step three by failing to conduct an adequate analysis.  ECF No. 10 at 12-13.

At step three, the ALJ considers whether one or more of a claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the Social Security regulations.  *See* 20 C.F.R. § 416.920(a)(4)(iii).  Each listing sets forth the "symptoms, signs, and laboratory findings" that must be established for a claimant's impairment to meet the listing.  *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).  If a claimant meets or equals a listing, the claimant is considered disabled with no need for further inquiry.  *See* 20 C.F.R. § 416.920(d).  As a result of that presumption of disability, "[l]isted impairments are set at a high level of severity."  *Hubbell v. Kijakazi*, 2023 WL 6620305 at *1 (9th Cir. 2023).  It is Plaintiff's responsibility to prove that she is disabled at step three by establishing that she has an impairment that meets or equals a listing impairment.  *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Tackett*, 180 F.3d at 1098-1099.

Plaintiff specifically contends the ALJ erred by neglecting to consider Listing 12.06 and by failing to find that she meets or equals the listings because she had marked limitations in the paragraph "B" criteria and/or by failing to appropriately assess the paragraph "C" criteria.  ECF No. 10 at 12-13.

The requirements of Listing 12.06 for anxiety related disorders are:

A. Medical documentation of the requirements of paragraph 1, 2, or 3:

1. Anxiety disorder, characterized by three or more of the following;

ORDER GRANTING DEFENDANT'S MOTION - 13

a. Restlessness;

b. Easily fatigued;

c. Difficulty concentrating;

d. Irritability;

e. Muscle tension; or

f. Sleep disturbance.

2. Panic disorder or agoraphobia, characterized by one or both:

a. Panic attacks followed by a persistent concern or worry about additional panic attacks or their consequences; or

b. Disproportionate fear or anxiety about at least two different situations (for example, using public transportation, being in a crowd, being in a line, being outside of your home, being in open spaces).

3. Obsessive-compulsive disorder, characterized by one or both:

a. Involuntary, time-consuming preoccupation with intrusive, unwanted thoughts; or

b. Repetitive behaviors aimed at reducing anxiety.

AND

B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning (see 12.00F):

1. Understand, remember, or apply information (see 12.00E1).

2. Interact with others (see 12.00E2).

3. Concentrate, persist, or maintain pace (see 12.00E3).

4. Adapt or manage oneself (see 12.00E4).

OR

C. Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:

///

ORDER GRANTING DEFENDANT'S MOTION - 14

1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder (see 12.00G2b); and

2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life (see 12.00G2c).

20 C.F.R. pt. 404, subpt. P, app. 1 § 12.06.

While the ALJ did not specifically mention Listing 12.06 in his analysis, the ALJ addressed the relevant paragraph "B" and "C" criteria with respect to Listings 12.04, 12.11, and 12.15. *See* Tr. 20-21. In addressing whether Plaintiff met or equaled a listing in Section 12, the ALJ determined that Plaintiff's impairments did not satisfy the paragraph "B" criteria, because Plaintiff's mental impairments "do not cause at least two 'marked' limitations or one 'extreme' limitation." Tr. 21. This finding is supported because, as discussed above, Dr. Genthe's findings of "poor" abilities and "marked" limitations were appropriately rejected by the ALJ. *See supra*. In his assessment of the "C" criteria of the section 12 listings, the ALJ specifically found "[t]he record does not establish that the claimant has only marginal adjustment, that is, a minimal capacity to adapt to changes in the claimant's environment or to demands that are not already part of the claimant's daily life." *Id*. Other than asserting that the ALJ overlooked the fact that Plaintiff resided in subsidized housing with a case manager whom she relied upon for assistance, information the ALJ considered and weighed in his decision, *see* Tr. 31, Plaintiff fails to show how the ALJ erred in his assessments of the paragraph "C" criteria. Moreover, as indicated by Defendant, ECF No. 15 at 5, Plaintiff does not even try to establish that she meets all of the detailed requirements of the listings she cites, or of any one of them. Plaintiff merely asks for a different interpretation of the evidence. *See Lewis,* 498 F.3d at 911 ("[I]f evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld.").

ORDER GRANTING DEFENDANT'S MOTION - 15

The Court finds the ALJ's step three analysis is supported by substantial evidence and free of legal error.

**D.     Step Five**

Plaintiff contends the ALJ also failed to meet his burden at step five.  ECF No. 10 at 19-20.

Plaintiff first argues, citing *Leitz v. Kijakazi*, 2023 WL 4342114 at *2 (9th Cir. July 5, 2023),[1] that the ALJ's limitation of Plaintiff to occasional interaction with supervisors bars all job training and, consequently, precludes all competitive employment.  ECF No. 12 at 19-20.  The undersigned does not agree with the proposition that a limitation to occasional interaction with supervisors is *per se* disabling.  See *Justin P. v. O'Malley*, 2024 WL 1559545 at *7-8 (E.D. Wash. April 10, 2024) (the Court applied Leitz and determined that the ALJ did not err).

Plaintiff next asserts the vocational expert testimony relied upon by the ALJ was without evidentiary value because it was provided in response to an incomplete hypothetical that failed to account for several of Plaintiff's limitations.  ECF No. 10 at 19-20.

At step five of the sequential evaluation analysis, the burden shifts to the Commissioner to establish that 1) the claimant can perform other work, and 2) such work "exists in significant numbers in the national economy."  20 C.F.R. §

---

[1] In *Leitz*, the ALJ held that the claimant "can have brief, superficial interaction with co-workers and the public; and can have occasional interaction with supervisors (although additional time for training is acceptable)."  *Leitz*, 2023 WL 4342114 at *2.  The Ninth Circuit determined that the "training-period caveat" was not supported by the record, and that there was no evidence that the claimant's mental problems were "somehow alleviated during training periods because they are less likely to include supervisor interactions than other work periods, or that employers would be willing to tolerate her limitations during training periods."  *Id*.

ORDER GRANTING DEFENDANT'S MOTION - 16

416.960(c)(2); *Beltran*, 700 F.3d at 389. In assessing whether there is work available, the ALJ must rely on complete hypotheticals posed to a vocational expert. *Nguyen v. Chater,* 100 F.3d 1462, 1467 (9th Cir. 1996). The ALJ's hypothetical must be "based on medical assumptions supported by substantial evidence in the record that reflects all the claimant's limitations." *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). The hypothetical should be "accurate, detailed, and supported by the medical record." *Tackett*, 180 F.3d at 1101. The hypothetical that ultimately serves as the basis for the ALJ's determination, *i.e.*, the hypothetical that is predicated on the ALJ's final RFC assessment, must account for all the limitations and restrictions of the claimant. *Bray v. Commissioner of Social Security Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).

The ALJ's RFC need only include those limitations found credible and supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211,1217 (9th Cir. 2005) ("The hypothetical that the ALJ posed to the VE contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record."). "If an ALJ's hypothetical does not reflect all of the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." *Id*. However, the ALJ "is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence." *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006). Therefore, the ALJ is not bound to accept as true the restrictions presented in a hypothetical question propounded by a claimant's counsel if they are not supported by substantial evidence. *Magallanes*, 881 F.2d at 756-757; *Martinez v. Heckler*, 807 F.2d 771, 773 (9th Cir. 1986). A plaintiff fails to establish that a step five determination is flawed by simply restating an argument that the ALJ improperly discounted certain evidence, when the record demonstrates the evidence was properly rejected. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-1176 (9th Cir. 2008).

ORDER GRANTING DEFENDANT'S MOTION - 17

Plaintiff contends the ALJ erred by relying on the vocational expert's response to an incomplete hypothetical. ECF No. 10 at 19-20. However, Plaintiff's argument assumes that the ALJ erred in his analysis of the medical opinion and other evidence. As addressed above, the ALJ properly evaluated the medical opinion evidence and properly discounted Plaintiff's symptom claims. *See supra*. The ALJ's RFC determination adequately addresses the medical opinions and other evidence in this record, and Plaintiff's alternative interpretation of the evidence does not undermine the ALJ's analysis. The ALJ did not err in assessing Plaintiff's RFC or finding Plaintiff capable of performing work existing in the national economy based on that RFC determination. Plaintiff is not entitled to a remand.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error and is affirmed. Accordingly, **IT IS HEREBY ORDERED:**

1.    Defendant's Motion to affirm, **ECF No. 15**, is **GRANTED**.

2.    Plaintiff's Motion to reverse, **ECF No. 10**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive shall file this Order and provide copies to counsel. **Judgment shall be entered for Defendant and the file shall be CLOSED**.

DATED March 17, 2026.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION - 18